UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN    DIVISION at COLUMBUS

| | | |
|---|---|---|
| In re   Brandon L. Longstreth, Jr., | ) | Case No.   21-51413 |
| Shannon L. Longstreth, | ) | |
| | ) | Chapter 13 |
| | ) | Judge   C. Kathryn Preston |
| Debtor(s) | | |

## CHAPTER 13 PLAN

**1. NOTICES**

**The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).

☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☒ **Initial Plan**
☐ **Amended Plan**   The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee, and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly highlighted in a conspicuous manner in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

If an item is not checked, the provision will be ineffective if set out later in the Plan.

☒ **This Plan contains nonstandard provisions in Paragraph 13.**
☒ **The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2(A) and/or 5.1.4(A).**
☒ **The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1, 5.4.2, and/or 5.4.3.**

**NOTICES TO CREDITORS:** You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.**  The Debtor shall pay to the Trustee the amount of $ __6,000.00__ per month. [Enter step payments below, if any.] The Debtor shall commence making payments not later than thirty (30) days after the date of filing of the Plan or the order for relief, whichever is earlier. § 1326(a)(1).

**2.1.1 Step Payments, if any:** [                    ]

### 2.2 Unsecured Percentage

☐ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of _____% on each allowed nonpriority unsecured claim.

☒ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ __360,000.00__ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than __1__ %.

### 2.3 Means Test Determination

☐ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☒ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

Upon notice filed with the Court, the Trustee is authorized to administratively increase the proposed percentage payable to nonpriority unsecured creditors to ensure the Plan complies with § 1325(b)(1)(B).

### 3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total Plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|
| Ally | 2018 Chevrolet Impala | $200.00 | |
| Ally | 2019 Ram 3500 | $500.00 | |
| Chrysler Capital | 2020 Ram 1500 | $750.00 | |
| Pawnee Leasing Corporation | Utility Body | $100.00 | |

### 4. SECURED CLAIMS: TREATMENT, TIMING AND SERVICE REQUIREMENTS

4.1 <u>Non-Governmental Unit Secured Claims</u>. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2(A) and 5.1.4(A). Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2, and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2 <u>Governmental Unit Secured Claims</u>. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3 Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2(A), 5.1.4(A), 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), and Rule 4003(d).

4.4 Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2(A) or (B), 5.1.3, 5.1.4(A) or (B), and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of -- (a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under § 1328, or (c) completion of the Plan -- at which time the lien will terminate and be released by the creditor.

**5. PAYMENTS TO CREDITORS**

**SUMMARY OF PAYMENTS BY CLASS**

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Treatment of Claims with a Non-Filing Codebtor, Guarantor, or Third Party | See Paragraph 5.5 |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient. If the Trustee receives written communication from a creditor that a claim has been paid in full, released, waived, or otherwise deemed satisfied, the Trustee may file a Notice of Deemed Satisfaction of Claim with the Court and distribute any funds returned to the Trustee relating to such claim to other creditors without further order of the Court.

**5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS**

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The Plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full Plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

**5.1.1 Maintenance of Regular Mortgage Payments**

Regular mortgage payments shall be calculated to include the payment due the month after the filing of the petition. For mortgage loan claims disbursed by the Trustee, arrearage payments shall be calculated to include the payment due for the month of the filing of the petition. Arrearages shall be listed in Paragraph 5.2.1 and paid as Class 2 claims.

**Trustee disburse.**

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|
| US Bank Home Mortgage | 140 Juanita Drive Zanesville, Ohio | Y | $803.80 | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may be paid directly by the Debtor only if the mortgage is current as of the petition date. LBR 3015-1(d).

**5.1.2 Modified Mortgages or Liens Secured by Real Property**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the Plan is due. §§ 1322(b)(2), (c)(2).

**5.1.2(A) Cramdown/Real Property**. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

**5.1.2(B) Non-Cramdown/Real Property**. The full amount of the following claims shall be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| Ally | 2019 Ram 3500 | 1/2020 | $68,000.00 | 3.25% | $500.00 | |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable**
The following claims are secured by personal property not described above in Paragraph 5.1.3.

**5.1.4(A) Cramdown/Personal Property.** To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

|   | Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date |   |
|---|---|---|---|---|
| 1 | Ally<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | 2018 Chevrolet Impala | 8/2017 |   |
| 2 | Pawnee Leasing Corporation<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | Utility Body | 6/2015 |   |
|   | Value of Property | Estimated Secured Claim to be Paid | Interest Rate | Minimum Monthly Payment Including Interest |
| 1 | $15,000.00 | $15,000.00 | 3.25% | $200.00 |
| 2 | $1,500.00 | $1,500.00 | 3.25% | $100.00 |

**5.1.4(B) Non-Cramdown/Personal Property.** The full amount of the following claims will be paid through the Plan because the value of the property is greater than the value of the claim. The proof of claim amount will control, subject to the claims objection process.

**5.1.5 Domestic Support Obligations (Ongoing) - Priority Claims under § 507(a)(1)**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee. Arrearages shall be listed in Paragraph 5.2.2 and paid as Class 2 claims.

**5.1.6 Executory Contracts and Unexpired Leases**

**Service Requirements.** The Plan shall be served on the holder of any executory contract or unexpired lease listed in Paragraph 5.1.6.

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:** <u>A proof of claim for rejection damages must be filed by the creditor within ninety (90) days from the date of confirmation of the Plan. Rule 3002(c)(4)</u>. Such claim shall be treated as a Class 4 nonpriority unsecured claim.

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(c)(1). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

**Debtor direct pay.**

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount | |
|---|---|---|---|---|
| Zellar & Zellar, Attorneys at Law, Inc. | $4,350.00 | $2,350.00 | $2,350.00 | |

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment, and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims. The interest rate in Paragraph 7 does not apply to claims in this Paragraph.

| Name of Creditor | Description of Claim/Collateral | Estimated Secured Claim to be Paid | Interest Rate | |
|---|---|---|---|---|
| US Bank Home Mortgage | 140 Juanita Drive Zanesville, Ohio | $6,900.00 | 0% | |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

### 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

### 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|   | Name of Creditor / Procedure | Property Address |   |
|---|---|---|---|
| 1 | Rusell & Myla Adams<br>☒ Motion<br>☐ Plan<br>☐ Claim Objection | 140 Juanita Drive<br>Zanesville, Ohio |   |
| 2 | TBF Financial LLC<br>☒ Motion<br>☐ Plan<br>☐ Claim Objection | 140 Juanita Drive<br>Zanesville, Ohio |   |
| 3 | Ohio Department of Taxation<br>☒ Motion<br>☐ Plan<br>☐ Claim Objection | 140 Juanita Drive<br>Zanesville, Ohio |   |
|   | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | Amount of Wholly Unsecured Mortgage/Lien |
|   | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | Amount of Wholly Unsecured Mortgage/Lien |
| 1 | $110,000.00 | $112,000.00 | US Bank Home Mortgage | $7,500.00 |
| 2 | $110,000.00 | $7,500.00 | Russell & Myla Annis | $20,500.00 |
| 3 | $110,000.00 | $20,500.00 | TBF Financial LLC | $64,000.00 |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

#### 5.4.4 Mortgages to be Avoided Under § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

### 5.5 CLASS 5 - TREATMENT OF CLAIMS WITH A NON-FILING CODEBTOR, GUARANTOR, OR THIRD PARTY

**5.5(A) Claims Paid by Non-Filing Codebtor, Guarantor, or Third Party.** The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing codebtor, guarantor, or third party.

**5.5(B) Claims Paid by Debtor or Trustee.** The following claims with a non-filing codebtor or guarantor shall be paid by the Debtor or Trustee.

|   | Name of Creditor | Description of Claim/Collateral | Amount of Claim |   |
|---|---|---|---|---|
| 1 | Chrysler Capital | 2020 Ram 1500 | $69,000.00 |   |

|   | Monthly Payment Amount | Interest Rate | Claim to be Paid by | To be Paid |   |
|---|---|---|---|---|---|
| 1 | $750.00 | 18% | ☐ Debtor<br>☒ Trustee | ☒ Per proof of claim, subject to the claims objection process<br>☐ Other (See Paragraph 13) |   |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims, which are not otherwise addressed in the Plan, shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

## 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

## 7. INTEREST RATE

Unless otherwise stipulated by the parties, ordered by the Court, or provided for in this Plan and except for claims treated in paragraph 5.1.1 and 5.2.1, secured claims shall be paid interest at the annual percentage rate of  3.25  % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at  3  % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

## 8. FEDERAL INCOME TAX RETURNS AND REFUNDS

### 8.1 Federal Income Tax Returns

The Debtor shall provide the Trustee with a copy of each federal income tax return by April 30 of each year, unless otherwise ordered by the Court.

### 8.2 Federal Income Tax Refunds

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and, unless otherwise ordered by the Court, shall turn over any balance in excess of such amount to the Trustee by June 1 of each year. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

## 9. OTHER DUTIES OF THE DEBTOR

### 9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

### 9.2 Personal Injury, Workers Compensation, Bonuses, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Funds to Which the Debtor May Be Entitled or Becomes Entitled to Receive

The Debtor shall keep the Trustee informed as to any claim for or receipt of money or property regarding personal injury, workers compensation, bonuses, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or receipt of social security funds.

## 10. INSURANCE

### 10.1 Insurance Information

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information |
|---|---|---|---|---|
| 140 Juanita Drive Zanesville, Ohio | Patron's Buckeye Mutual Ins Co | 45707 | Full | Perry Ins Agency (740) 439-1110 |
| 2018 Chevrolet Impala 2019 Ram 3500 2006 Spa Dolly Trailer 2016 Load Trail Trailer 2020 Ram 1500 Utility Body 2020 Spa Dolly Trailer | Acuity Insurance | ZC3898 | Full Full Full Full Full Full Full | Williamson Insurance (740) 453-0791 |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

## 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

## 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

## 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions | |
|---|---|
| Debtor may elect to sell the real estate or personal property included herein during the pendency of the Plan, upon proper application and approval by the Court. | |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 04/23/21

/s/ Crystal I. Zellar

Crystal I. Zellar (#0038785)

Zellar & Zellar, Attorneys at Law, Inc.

720 Market Street
Zanesville, Ohio 43701

**Ph:** (740) 452-8439

**Fx:** (740) 450-8499

mail@ZellarLaw.com

**Debtor**

/s/ Brandon L. Longstreth, Sr.

**Date:** 04/23/21

**Joint Debtor**

/s/ Shannon L. Longstreth

**Date:** 04/23/21

### NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION

Debtor has filed a Chapter 13 plan or an amended Chapter 13 plan (hereafter, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file a written objection to the Plan. Objections to confirmation of an initial plan shall be filed within fourteen (14) days after the § 341 meeting of creditors is concluded. Objections to confirmation of an amended plan shall be filed with the later of twenty-one (21) days after service of the amended plan or fourteen (14) days after the 341 meeting of creditors is concluded. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by first class mail to the United States Bankruptcy Court

170 North High Street, Columbus OH 43215

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) first class mail to:

Brandon & Shannon Longstreth, 140 Juanita Drive, Zanesville, Ohio 43701

Crystal I. Zellar, Esq. - mail@ZellarLaw.com

Edward A. Bailey, 130 E. Wilson Bridge Rd., Suite 200, Worthington, OH 43085

and the United States trustee.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Chapter 13 Plan** was served **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court and

by first class mail on     04/23/21     addressed to:

Brandon & Shannon Longstreth
140 Juanita Dr
Zanesville OH 43701

See Creditor Matrix
All Creditors and Parties in Interest

Ally
Attn: Chief Financial Officer
PO Box 380901
Bloomington MN 55438

Chrysler Capital
Attn: Chief Financial Officer
PO Box 961278
Fort Worth TX 76161-1278

Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus OH 43216

Ohio Department of Taxation
c/o Attorney General of Ohio
Collections Enforcement Section
150 East Gay Street 21st Fl
Columbus OH 43215

Pawnee Leasing Corporation
Attn: Chief Financial Officer
3801 Automation Way #207
Fort Collins CO 80525

Russell & Myla Annis
5059 Countess Dr
Columbus IN 47203

TBF Financial LLC
Attn: Chief Financial Officer
740 Waukegan Rd #404
Deerfield IL 60015

Longstreth Enterprises LLC
Attn: Chief Financial Officer
140 Juanita Dr
Zanesville OH 43701

*[For parties served other than by first class mail add the following language]*

by _____certified U.S. Mail_____ on _____04/23/21_____ addressed to:

US Bank Home Mortgage
Attn: Chief Financial Officer
PO Box 21948
Eagan MN 55121

/**s**/  Crystal I. Zellar
Crystal I. Zellar (#0038785)
Zellar & Zellar, Attorneys at Law, Inc.
720 Market Street
Zanesville, Ohio 43701
**Ph:** (740) 452-8439
**Fx:** (740) 450-8499
mail@ZellarLaw.com

```
Label Matrix for local noticing          AT&T                                    Ally
0648-2                                   Bankruptcy Dept                         Attn: Chief Financial Officer
Case 2:21-bk-51413                       4331 Communications Dr  Fl 4W           PO Box 380901
Southern District of Ohio                Dallas TX 75211-1300                    Bloomington MN 55438-0901
Columbus
Fri Apr 23 08:38:02 EDT 2021

Andy Bowers & Associates                 Asst US Trustee (Col)                   Edward A. Bailey
605 N High St  #154                      Office of the US Trustee                Chapter 13 Trustee
Columbus OH 43215-2024                   170 North High Street                   130 E. Wilson Bridge Road
                                         Suite 200                               Suite 200
                                         Columbus, OH 43215-2417                 Worthington, OH 43085-2391

Barclay Bank                             Best Buy Credit Services                Bettinger Enterprises
Customer Service                         PO Box 790441                           c/o ServPro of Zanesville/Cambridge
PO Box 8802                              Saint Louis MO 63179-0441               60 Urban Hill Rd
Wilmington DE 19899-8802                                                         Zanesville OH 43701-9521


Capital One                              Central Credit Services LLC            Chrysler Capital
Customer Center                          9550 Regency Square Blvd  #500          Attn: Chief Financial Officer
PO Box 30285                             Jacksonville FL 32225-8169              PO Box 961278
Salt Lake City UT 84130-0285                                                     Fort Worth TX 76161-0278


Comenity Bank                            Convergent Outsourcing Inc              Credence Resource Management LLC
Bankruptcy Department                    800 SW 39th St                          PO Box 2390
PO Box 182125                            PO Box 9004                             Southgate MI 48195-4390
Columbus OH 43218-2125                   Renton WA 98057-9004


Credit Control LLC                       D Dale Seif Jr Esq                      D&A Services LLC
5757 Phantom Dr  #330                    Seif & McNamee LLC                      1400 E Touhy Ave  Ste G2
Hazelwood MO 63042-2429                  110 E Emmitt Ave                        Des Plaines IL 60018-3338
                                         Waverly OH 45690-1334


(p)DITCHEY GEIGER  LLC                   Dynamic Recovery Services               FMS Inc
7123 PEARL RD                            135 Interstate Blvd                     PO Box 707600
SUITE 400                                Greenville SC 29615-5720                Tulsa OK 74170-7600
CLEVELAND OH 44130-4944


Financial Pacific Leasing                Gamestop / Comenity Bank                Gottlieb Johnston Beam & DalPonte
3455 S 344th Way  #300                   Attn: Bankruptcy Dept                   PO Box 190
Federal Way WA 98001-9546                PO Box 183043                           Zanesville OH 43702-0190
                                         Columbus OH 43218-3043


HSBC Card Services                       HSBC Card Services                      Internal Revenue Service
Customer Service                         Customer Service                        PO Box 7346
PO Box 379                               PO Box 80084                            Philadelphia PA 19101-7346
Wood Dale IL 60191-0379                  Salinas CA 93912-0084


(p)JPMORGAN CHASE BANK  N A              Levy & Associates                       Brandon L. Longstreth Sr.
BANKRUPTCY MAIL INTAKE TEAM              4645 Executive Dr                       140 Juanita Dr
700 KANSAS LANE FLOOR 01                 Columbus OH 43220-3601                  Zanesville, OH 43701-6235
MONROE LA 71203-4774
```

| | | |
|---|---|---|
| Shannon L. Longstreth<br>140 Juanita Dr<br>Zanesville, OH 43701-6235 | Longstreth Enterprises LLC<br>Attn: Chief Financial Officer<br>140 Juanita Dr<br>Zanesville OH 43701-6235 | Michael and Natalie Postell<br>6 Marcel Ct<br>Fairfield OH 45014-3652 |
| Midland Credit Management<br>350 Camino De La Reina  #100<br>San Diego CA 92108-3007 | Muskingum County Common Pleas Court<br>401 Main St<br>Zanesville OH 43701-3565 | Muskingum County Utilities Department<br>375 Richards Rd<br>Zanesville OH 43701-6605 |
| Ohio Department of Taxation<br>Attn:  Bankruptcy Division<br>PO Box 530<br>Columbus OH 43216-0530 | Ohio Department of Taxation<br>c/o Attorney General of Ohio<br>Collections Enforcement Section<br>150 East Gay Street  21st Fl<br>Columbus OH 43215-3191 | (p)P&B CAPITAL GROUP  LLC<br>ATTN COLLEEN KIMBLE<br>455 CENTER RD<br>BUFFALO NY 14224-2100 |
| PA Turnpike Toll by Plate<br>PO Box 645631<br>Pittsburgh PA 15264-5254 | (p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR<br>3801 AUTOMATION WAY<br>STE 207<br>FORT COLLINS CO 80525-5735 | PayPal Credit<br>Bankruptcy Notice<br>PO Box 5138<br>Lutherville Timonium MD 21094-5138 |
| (p)PEKIN INSURANCE<br>ATTN RECOVERY MANAGEMENT<br>2505 COURT STREET<br>PEKIN IL 61558-0002 | Radius Global Solutions LLC<br>7831 Glenroy Rd  Ste 250<br>Minneapolis MN 55439-3117 | Reds Report<br>1350 W Fifth Ave  #30<br>Columbus OH 43212-2907 |
| (p)REVENUE ASSISTANCE CORPORATION<br>3711 CHESTER AVE<br>SUITE 200<br>CLEVELAND OH 44114-4623 | Ross Midian & Breitmayer LLC<br>846 S High St<br>Columbus OH 43206-1928 | Russell & Myla Annis<br>5059 Countess Dr<br>Columbus IN 47203-2817 |
| (p)SN SERVICING CORPORATION<br>323 FIFTH ST<br>EUREKA CA 95501-0305 | Second Round Sub LLC<br>c/o Levy & Associates LLC<br>4645 Executive Dr<br>Columbus OH 43220-3601 | Seward Plumbing Heating & Cooling LLP<br>1058 Linden Ave<br>Zanesville OH 43701-3051 |
| Southwest Credit<br>4120 International Pkwy  #1100<br>Carrollton TX 75007-1958 | Synchrony Bank<br>Attn: Bankruptcy Dept<br>PO Box 965061<br>Orlando FL 32896-5061 | (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| TBF Financial LLC<br>Attn: Chief Financial Officer<br>740 Waukegan Rd  #404<br>Deerfield IL 60015-5505 | The Village of Linndale OH<br>Citations Processing Center<br>PO Box 7200<br>Beverly MA 01915-0096 | US Attorney<br>Attn: Civil Process Clerk<br>303 Marconi Blvd  #200<br>Columbus OH 43215-2840 |
| US Attorney General<br>Main Justice Building  Rm 5111<br>10th & Constitution Ave NW<br>Washington DC 20530-0001 | US Bank Home Mortgage<br>Attn: Chief Financial Officer<br>PO Box 21948<br>Eagan MN 55121-0948 | Vantage Sourcing<br>4930 W State Hwy 1  #1<br>Taylor AL 36305 |

```
Verizon Wireless                    Village of South Zanesville         Wagner Falconer & Judd LTD
Bankruptcy Dept                     Income Tax Department               100 S Fifth St  #800
PO Box 408                          24 E Main St                        Minneapolis MN 55402-5357
Newark NJ 07101-0408                South Zanesville OH 43701-6213


Zanesville Pallet Inc               Crystal I Zellar
2235 Licking Rd                     Zellar & Zellar, Attorneys at Law, Inc.
Zanesville OH 43701-2728            720 Market St
                                    Zanesville, OH 43701-3716
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ditchey Geiger LLC                  JPMorgan Chase Bank                 P&B Capital Group LLC
7123 Pearl Rd  #400                 PO Box 15364                        455 Center Rd
Cleveland OH 44130                  Wilmington DE 19850-5364            Buffalo NY 14224


Pawnee Leasing Corporation          Pekin Insurance Co                  Revenue Group
Attn: Chief Financial Officer       2505 Court St                       PO Box 93983
3801 Automation Way  #207           Pekin IL 61558                      Cleveland OH 44101-5983
Fort Collins CO 80525


SN Servicing Corporation            T Mobile                            End of Label Matrix
323 5th Street                      Bankruptcy Dept                     Mailable recipients   64
Eureka CA 95501-0305                PO Box 53410                        Bypassed recipients    0
                                    Bellevue WA 98015                   Total                 64
```